UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

    Petitioner,

v.   CAUSE NO. 3:20-CV-688 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed a habeas corpus petition to challenge his convictions for attempted murder and burglary under Case No. 71D02-9712-CF-550. Though Mr. Dodd was initially sentenced in 1998, the St. Joseph Superior Court resentenced Mr. Dodd to fifty-five years of incarceration on November 12, 2013.

## BACKGROUND

In deciding this habeas petition, the court must presume as true the facts set forth by the state courts unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the evidence presented at trial:

> The evidence in the light most favorable to the verdict reveals that a police officer responded to a burglar alarm at a gas station at 3:30 a.m. When the police officer arrived, he discovered that the doors to the gas station were locked, but that a window pane was missing from the garage door. The police officer heard tools falling to the floor inside the gas station. As the police officer shined his flashlight into the garage area, a man, later identified as Dodd, fired several shots at him. One of the shots fired by Dodd struck the police officer in the chest but was stopped by a bullet-resistant vest. Dodd and his accomplice were quickly arrested.

ECF 9-16 at 2.

On May 29, 1998, the St. Joseph Superior Court sentenced Mr. Dodd to fifty-eight years of incarceration, and the direct appeal ended with the Indiana Supreme Court's denial of transfer on September 27, 1999. ECF 9-2 at 4; ECF 9-14 at 6. On August 23, 2000, Mr. Dodd initiated post-conviction proceedings, which ended on January 11, 2006, when the Indiana Court of Appeals dismissed the appeal for lack of procedural compliance. ECF 9-4; ECF 19-19.

The focus of the habeas petition is the two successive proceedings for post-conviction relief that followed. On March 3, 2011, Mr. Dodd began pursuing a successive petition for post-conviction relief. ECF 9-5. He prevailed on this petition; and, on November 20, 2013, Judge John M. Marnocha of the St. Joseph Superior Court resentenced Mr. Dodd to fifty-five years of incarceration. ECF 9-6; ECF 9-7. On July 24, 2014, the Indiana Court of Appeals affirmed. ECF 9-26. On July 17, 2015, Mr. Dodd began pursuing a second successive petition for post-conviction relief, which ended with the Indiana Supreme Court's denial of transfer on October 4, 2018. ECF 9-11; ECF 9-13.

On August 17, 2020, Mr. Dodd initiated these habeas proceedings. ECF 1. In the petition, he argues that he is entitled to habeas relief because Judge Marnocha's involvement with trial proceedings as a former member of the prosecutor's office posed an intolerable risk of a biased decision against Mr. Dodd in his role as the judge at resentencing.

PROCEDURAL DEFAULT

The Warden argues that Mr. Dodd's habeas claim is procedurally defaulted. Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

In the final amended second successive petition for post-conviction relief, Mr. Dodd asserted that sentencing counsel and appellate counsel rendered ineffective assistance by failing to object to Judge Marnocha presiding over the resentencing due to his involvement in the trial proceedings as a member of the prosecution's office. ECF 9-28. On appeal, Mr. Dodd presented only the ineffective assistance of appellate counsel

claim to the Indiana Court of Appeals. ECF 9-30. However, Mr. Dodd did not present a freestanding claim of judicial bias to either the St. Joseph Superior Court or the Indiana Court of Appeals. ECF 9-28; ECF 9-30. Therefore, the claim of judicial bias is procedurally defaulted. Mr. Dodd does not argue that the court should excuse the default. Nevertheless, the court will consider the merits of the claim.[1]

## DISCUSSION

Mr. Dodd argues that he is entitled to habeas relief because Judge Marnocha's involvement with trial proceedings as a member of the prosecutor's office posed an intolerable risk of actual bias against Mr. Dodd in his role as judge at resentencing. Mr. Dodd does not identify any legal authority on which this argument relies, which is a material omission given that the court can grant habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Nevertheless, the court has examined Mr. Dodd's filings for an appropriate legal basis for habeas relief. In the petition (ECF 1), Mr. Dodd cites to the Indiana Code of Judicial Conduct,[2] but this code is state law and so cannot be the basis for federal habeas relief. In the traverse (ECF 13), he cites to 28 U.S.C. § 455, which is federal statute that applies only to federal judges, so Judge Marnocha could not have violated it in his capacity as a state judge. At the post-conviction stage, Mr. Dodd also relied on *In re*

---

[1] Federal courts have the discretion to consider claims for habeas relief under certain circumstances even if such claims are procedurally barred. 28 U.S.C. § 2254(b)(2).

[2] The Indiana Code of Judicial Conduct is available at https://www.in.gov/courts/rules/jud_conduct/.

4

*Murchison*, 349 U.S. 133 (1955), and *Williams v. Pennsylvania*, 136 S.Ct. 1899 (2016). These federal cases arguably applied to Judge Marnocha, so the court will construe Mr. Dodd's claim as relying on these cases.[3]

In *In re Murchison*, 349 U.S. 133 (1955), a Michigan judge charged and convicted two individuals with contempt and also acted as a witness during contempt proceedings. *Id.* at 134-36. The Supreme Court noted the practical impossibility of a judge maintaining impartiality when deciding a case that the judge has initiated and that the judge's role as both witness and judge effectively denies the individual the opportunity to cross-examine him. *Id.* at 138-39. Consequently, the Supreme Court concluded that serving in these multiple roles violated the two individuals' right to due process. *Id.*

In *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), the Chief Justice of the Pennsylvania Supreme Court served on a panel that denied post-conviction relief to a prisoner. *Id.* at 1903-05. Nearly thirty years before this denial, the chief justice had served as the district attorney and had approved efforts to pursue the death penalty against the prisoner. *Id.* The United States Supreme Court extended the reasoning of *Murchison* and held that "under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Id.* at 1905-07. The Supreme Court concluded that the decision of whether to pursue the death penalty against a particular defendant

---

[3] Given that the resentencing occurred in 2013, it is unclear whether *Williams v. Pennsylvania*, 579 U.S. 1 (2016), would have applied to the resentencing hearing, but the court will set aside the issue of retroactivity for purposes of this order. *See Teague v. Lane*, 489 U.S. 288 (1989) (establishing framework for assessing whether new rules apply retroactively).

was a critical decision and that the chief justice's role in making this decision created an impermissible risk of actual bias. *Id.* at 1907-09.

Having identified the applicable law, the court now considers Mr. Dodd factual allegations and the evidence of record. In the petition, Mr. Dodd alleges that Judge Marnocha performed a substantial amount of work on his case in the early stages of the proceedings before handing the case off to another prosecuting attorney. ECF 1. He supports these allegations with three documents: (1) a motion to compel discovery that identifies "John M. Marnocha" as the prosecuting attorney but was signed by another prosecuting attorney; (2) the first page of the presentence investigation report that identifies "John Marnocha" as the prosecuting attorney; and (3) two pages of a chronological case summary that identifies "Marnocha" as the prosecuting attorney. ECF 1-1 at 2-5.

At resentencing, counsel raised his concerns with Judge Marnocha's impartiality as follows:

> **Sentencing Counsel:** I don't know if my motion made it to the court file. I called the office yesterday morning because I had met with Richard on, I think, Saturday or Sunday. And, in reviewing the supplemental presentence investigation report, in the original paperwork, it indicates that you were deputy prosecutor.
>
> **Judge Marnocha:** I was the deputy prosecutor at the time, but I had nothing to do with this case.
>
> **Sentencing Counsel:** It wasn't clear to me, and I just raised that as--
>
> **Judge Marnocha:** In looking at the CCS entries because that's something I always do when we have cases that originated pre-January 1, 1999, and I always check a couple of things. And that is, number one, did I have any personal involvement in the case? And it appears no. And then if I didn't

have any personal involvement in the case, did I nonetheless do paperwork and charge it? And the answer to that is no. Mr. Barnes as the prosecuting attorney is who actually charged this case. And from the CCS it would appear that the case was tried by then Deputy Prosecutor Frank Schaffer.

**Sentencing Counsel:** I just couldn't tell, you know, on the fact of it. And I just thought it was a question that should be raised.

**Judge Marnocha:** Sure. And I appreciate that because, like I say, I always look at these cases, and it's always a concern of mine. And where I had some involvement in the case, even if it was like the old days where you would have someone sign off on the charge after someone else did it, I always recuse myself. Or if I had anything to do with say a habitual enhancement, I always get out of the case.

Second Successive PCR App. 85-87.

During the second successive proceedings for post-conviction relief, Mr. Dodd argued that counsel should have challenged Judge Marnocha's decision not to recuse himself at resentencing. ECF 9-28. At an evidentiary hearing, Judge Marnocha testified as follows.

**The Court:** For the record, I'm handing you what has already been introduced into evidence as a motion for discovery that was filed in Mr. Dodd's underlying felony case in this matter back in 1997. Do you recognize the signature on that motion?

**Marnocha:** Yeah. The signature is that of a deputy prosecutor at the time, Frank Schaffer.

**The Court:** And you can see in the first paragraph that your name is listed as the person who is filing the motion for discovery?

**Marnocha:** Yes.

**The Court:** Can you explain, back at the time that you were the chief deputy prosecutor in 1997 when that motion was prepared, how those motions were typically prepared?

7

**Marnocha:** We had two secretaries, Janet Luther and Bobbie Crawford. The motions were just sort of routinely prepared in every case and given to the prosecutor who was assigned the case.

**The Court:** And do you recall being assigned to that case?

**Marnocha:** No. I had no involvement at all in this case. This is one of those things that I do recall from my days at the prosecutor's office. At the time, I was chief deputy prosecutor, and, as it related to major cases, you know, police-involved shootings, murders, and some attempted murders, generally those cases were divided between then-deputy prosecutor Jack Krisor and myself, and sometimes the prosecutor Mike Barnes would take some cases. This would have been a case that would have ordinarily been in that rotation. But I recall Mike Barnes who charged the case telling me he was going to assign Frank Schaffer the case. I remember that conversation.

**The Court:** So did you have any involvement in reviewing and/or charging the case?

**Marnocha:** No. I did not go to the scene, I did not review any of the documents, I did not charge the case to my recollection. And, as a matter of fact, the first time I really had any look at any of the discovery, if you will, the police reports in this case, is when it came to me on post-conviction relief as a judge.

**The Court:** So explain why your name would be on the motion.

**Marnocha:** I really can't. I'm assuming maybe either Bobbie or Janet assumed it would go to me and typed up the motion, you know, where it was on computer at the time, word processing, but it didn't.

**The Court:** When you were chief deputy, who would be responsible for compiling discovery and getting it ready to turn over to counsel?

**Marnocha:** The secretaries.

**The Court:** So your name is on it, but even still that wouldn't have been a function that you would have performed; compiling that discovery and turning it over?

**Marnocha:** No. I had no involvement at all in the case in any of the paperwork, in reviewing it, or making any decisions about the case.

8

Second Successive PCR App. 139.

In the order denying post-conviction relief, the St. Joseph Superior Court credited Judge Marnocha's testimony regarding his lack of involvement with Mr. Dodd's and rejected the related ineffective assistance of counsel claims. ECF 9-29 at 5-9. This credibility finding is significant because, on federal habeas review, the court must presume that findings of fact made by state courts are correct unless the petitioner rebuts them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court documents fall short of clear and convincing evidence. At the evidentiary hearing, Judge Marnocha denied any involvement with Mr. Dodd's case as a prosecutor and provided a reasonable explanation, even if surmising, for why his name was typed on the motion to compel discovery that was signed by another prosecuting attorney. Further, the record contains no explanation as to how the presentence investigation report was created and no information to suggest that the placement of his name on the cover page amounted to more than a clerical error, particularly when signed by other counsel. The record similarly lacks information about the placement of Judge Marnocha's typed name on the first two pages of the chronological case summary.

In sum, the court must defer to the state court's finding that Judge Marnocha was not involved with Mr. Dodd's criminal proceedings as a prosecutor. As a result, the court cannot find that Judge Marnocha's decision to continue serving as the judge at resentencing posed an impermissible risk of actual bias under *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). Mr. Dodd has not demonstrated that he is entitled to habeas relief, so the court denies the petition for habeas relief.

CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging Mr. Dodd to proceed further in federal court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) because the claim is procedurally defaulted and without merit;

(2) DENIES Richard Dodd, a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

October 21, 2021                    *s/ Damon R. Leichty*
                                    Judge, United States District Court